[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10742

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

*versus*

HENRY MARTIN STEIGER,
a.k.a. Henry Matthew Steiger,
a.k.a. H M Steiger,
a.k.a. Robert Woods,

        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:17-cr-00043-RV-2

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, Circuit Judge, and COOGLER,* District Judge.

COOGLER, District Judge:

This case returns to this panel on remand from the en banc Court with instructions to consider the Appellant's additional arguments that we were not able to review in the first instance. *See United States v. Steiger*, 99 F.4th 1316, 1327 (11th Cir. 2024) (en banc). After careful consideration, we conclude that the Appellant, Henry Martin Steiger, has not demonstrated that the district court plainly erred in imposing a sentence of 20 years of imprisonment following the revocation of his probation pursuant to 18 U.S.C. § 3565. Accordingly, we affirm Steiger's sentence.

## I. BACKGROUND

We described the factual and procedural history of this case in our prior panel opinion, *United States v. Steiger*, 83 F.4th 932, 934–36 (11th Cir. 2023), *vacated*, 86 F.4th 1337 (11th Cir. 2023), *and remanded en banc*, 99 F.4th 1316 (11th Cir. 2024). To summarize, Steiger pleaded guilty to one count of conspiracy to commit wire fraud and three counts of wire fraud, and the district court sentenced him to three years of probation. Two months into his

---

* Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

probation sentence, Steiger murdered the mother of his infant child on the child's first birthday. After he was convicted of second-degree murder in Florida state court, the district court held a hearing to revoke Steiger's probation and to resentence him on the federal conspiracy and wire fraud offenses. At the revocation hearing, the district court heard evidence that Steiger strangled his victim to death while she was holding his infant daughter and then stowed the victim's body in a 55-gallon barrel. Law enforcement discovered her decomposing body six months later. Steiger's business associate told law enforcement that Steiger planned the murder and that he helped Steiger move the barrel into a trailer and dispose of the woman's iPad and iPod. Steiger admitted to hiding the body and lying to law enforcement when questioned about the woman's disappearance initially, but he maintained that he did not commit murder. He claimed that the woman died by suicide and that he, fearful that he would lose custody of his daughter, attempted to "cover [his] tracks more like a guilty person."

The district court found that Steiger violated the terms of his probation and revoked it. The government argued that the Sentencing Guidelines range of 12 to 18 months' imprisonment grossly understated the egregiousness of Steiger's conduct while on federal probation and emphasized that the district court could sentence Steiger to the statutory maximum sentence of 20 years' imprisonment on each of the four counts for a total of 80 years' imprisonment. Steiger requested that he be sentenced to time served in light of his lifetime imprisonment sentence in the state case. The district court imposed a sentence of 20 years'

imprisonment on each count to run concurrently with each other and with the life sentence imposed by the Florida court in the second-degree murder case. When the district court asked whether Steiger had any objections to the sentence imposed, Steiger answered no.

Steiger appealed, arguing that the district court's sentence is procedurally and substantively unreasonable. We construed one of his procedural unreasonableness arguments to be that the district court failed to give a specific reason for imposing an upward variance to the statutory maximum sentence, thereby violating 18 U.S.C. § 3553(c)(2), which requires the district court to "state in open court . . . the specific reason for the imposition of a sentence" when that sentence is outside the guidelines range. *See Steiger*, 83 F.4th at 937. Because this Court's precedents required automatic reversal for any § 3553(c) error, we were forced to reverse and remand to the district court for an explanation of why it chose 20 years. *See id.* at 938 (citing *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016)). This was so even though Steiger did not object to the district court's failure to explain its reasons and even though we thought it obvious that the district court varied upward due to the horrific crime Steiger committed while on probation. *See id.*

Chief Judge Pryor wrote separately, concurring in this panel's application of this Court's precedents but urging this Court to rehear this appeal en banc to reconsider *United States v. Parks* because that case "requires a 'per se rule of reversal for [section] 3553(c)(2) errors' even when the defendant never objected to the

explanation of his sentence in the district court." *Steiger*, 83 F.4th at 938 (Pryor, C.J., concurring) (quoting *Parks*, 823 F.3d at 996–97).

The Court reheard this appeal en banc and held that when a defendant does not object to a district court's failure to explain its sentence in violation of § 3553(c), plain error review applies on appeal, not automatic reversal, thereby overruling *Parks* and other precedents to the extent they conflicted with the Court's en banc holding. *Steiger*, 99 F.4th at 1324. The en banc Court further held that the district court did not commit plain error in failing to explain the upward variance because its reasons were clear by examining the record of the revocation proceeding. *Id.* at 1327. The en banc Court then remanded the case to this panel to consider Steiger's additional arguments.

## II. STANDARDS OF REVIEW

When reviewing the reasonableness of a sentence, this Court conducts a two-step inquiry. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, the Court considers whether the sentence is procedurally reasonable, and if it is, the Court examines whether it is substantively reasonable in light of the totality of the circumstances. *Id.* This Court reviews the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Id.* at 41. But if a defendant fails to object at sentencing to the reasonableness of the sentence imposed by the district court, this Court reviews for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Thus, in order to prevail on appeal, a defendant must establish "(1) that the district court erred; (2) that the error was 'plain';

and (3) that the error 'affect[ed his] substantial rights.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732, 734 (1993)). If all three conditions are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

### III. DISCUSSION

First, Steiger argues that his sentence is procedurally unreasonable because the district court did not properly consider the guidelines range of 12 to 18 months of imprisonment or the 18 U.S.C. § 3553(a) factors. He also contends that the court should have addressed his request for a time served sentence. Our review is for plain error because Steiger did not object below. *See Vandergrift*, 754 F.3d at 1307.

A district court commits a "significant procedural error" in imposing a sentence if it fails to calculate the guidelines range, calculates the range incorrectly, or fails to consider the § 3553(a) factors. *Gall*, 552 U.S. at 51. However, "the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotation omitted). Rather, it is "sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* Similarly for the guidelines range, all that is required is that "there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established

under the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (emphasis, citation, and internal quotation marks omitted).

Here, the district judge stated that he had "fully considered all of the factors set out in Title 18, United States Code, Section 3553(a), as well as the applicable guidelines and policy statements from the United States Sentencing Commission and the decisions of the courts about sentencing under these circumstances." The district judge also stated that he had carefully considered the issues presented in the underlying case, the evidence presented at the revocation hearing, and the statements Steiger made in his defense. The evidence presented at the revocation hearing obviously concerned "the nature and circumstances of the offense"—one of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1). And although the district judge did not specifically reiterate that the guidelines range was 12 to 18 months' imprisonment, both parties referred to the range in their arguments at the hearing. Although Steiger requested that he be sentenced to time served, the government argued that the guidelines sentence was inadequate considering the seriousness of Steiger's probation violation. Thus, it is clear from the record and the district judge's own statements that he was aware of and considered the guidelines range. This case is thus unlike *Campbell*, where this Court was unable to review a sentence imposed upon revocation of supervised release because "the district court never explicitly mentioned Campbell's advisory Guidelines range during the revocation hearing" and in fact "never said the word 'Guidelines' during the entire hearing." 473 F.3d at 1349.

Nor was the district judge required to explain why he rejected Steiger's request for a time served sentence. "[T]he sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018) (2018) (internal quotation marks and citation omitted). "Just how much of an explanation" is required "depends . . . upon the circumstances of the particular case." *Id*. at 116. Sometimes it is enough "that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Id*. In sum, Steiger has not demonstrated plain error with regard to the procedural reasonableness of the sentence.

Next, Steiger argues that his sentence is substantively unreasonable. Again, our review is for plain error because Steiger did not object below. *Vandergrift*, 754 F.3d at 1307.

This Court "consider[s] whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015). "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.'" *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quoting *Gall*, 552 U.S. at 50). But "[e]ven as to a substantial

| 9 | Opinion of the Court | 22-10742 |

variance, [this Court] will not reverse a sentence unless [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Johnson*, 803 F.3d at 618–19 (quotation omitted).

Here, the district judge addressed the § 3553(a) factors and specifically mentioned that he had considered the evidence presented at the revocation hearing, which would have included the nature and circumstances of the murder. Steiger murdered the mother of his child on the child's first birthday and dumped her inside a barrel where her decomposing body remained for months in the heat. Steiger planned the murder beforehand and carried it out in the presence of his one-year-old child. Steiger lied when questioned by law enforcement. His actions a mere two months into his probation sentence obviously convinced the district judge that he deserved a much greater penalty than the guidelines suggested, and the upward departure itself is reasonable. The district court imposed a lighter sentence than the statutory maximum of 20 years per count, which would have resulted in a total of 80 years' imprisonment. Steiger has not demonstrated that the district court plainly erred in weighing the § 3553(a) factors and imposing an above-guidelines sentence of 20 years' imprisonment.

### IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** Steiger's sentence.